UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JULIE MAURY

          Plaintiff,

   -against-

1568-1572 THIRD AVENUE LLC AND WOK 88
ON THIRD, LLC

          Defendants.
-----------------------------------------------------------------x

**1:23 CV 3340**

**COMPLAINT**

**JURY TRIAL REQUESTED**

## <u>COMPLAINT</u>

  Plaintiff Julie Maury ("Plaintiff"), by her counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants 1568-1572 Third Avenue LLC and Wok 88 On Third, LLC (collectively, "Defendants"), hereby alleges upon information and belief as follows:

### <u>NATURE OF THE CLAIMS</u>

  1. Plaintiff is an individual with a mobility disability due to a physiological condition that prevents her from walking.

  2. Unable to ambulate using her musculoskeletal system, Plaintiff uses a wheelchair for mobility.

  3. Wok 88 is a restaurant located at 1570 Third Avenue, New York, NY ("Wok 88").

  4. Defendants are the owners, operators, and landlord of Wok 88.

  5. Wok 88 is a place of public accommodation.

6.   As detailed more fully below, Defendants violate each of the laws that prohibit disability discrimination by public accommodations through their ownership, operation, control, and lease of, Wok 88.

7.   Plaintiff brings this action because Defendants deny her, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations ("equal access") of a place of public accommodation, Wok 88.

8.   Defendants created architectural elements at Wok 88 that function as barriers to wheelchair access ("architectural barriers").

9.   Defendants also maintain architectural barriers at Wok 88.

10. The architectural barriers at Wok 88- for example, a step at its public entrance - deny entry to Plaintiff, and other individuals that require wheelchairs, due to disability.

11. The architectural barriers at Wok 88 also obstruct Plaintiff's ability to access the publicly available offerings therein based on disability.



Wok 88's Inaccessible Entrance

12. By maintaining architectural barriers, Defendants deny Plaintiff, based on disability, equal access to Wok 88, a place of public accommodation.

13. The architectural barriers Defendants maintain, deny Plaintiff, an individual with a disability who requires a wheelchair for mobility, entry to Wok 88.

14. By maintaining architectural barriers, Defendants deny Plaintiff, a disabled wheelchair user, the opportunity to patronize Wok 88 based on disability - an opportunity Defendants make available to members of the public without mobility disabilities.

15. Defendants discriminate against Plaintiff on the basis of disability as due to her use of a wheelchair for mobility - as opposed to her legs - they deny her equal access to Wok 88.

16. By denying Plaintiff equal access to Wok 88, Defendants unlawfully discriminate against Plaintiff in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations; the New York Human Rights Law ("State HRL"), New York Executive Law ("N.Y. Exec. Law") Article 15; the New York Civil Rights Law, § 40 *et seq*. ("N.Y. CRL"); and the New York City Human Rights Law ("City HRL"), Administrative Code of the City of New York ("N.Y.C. Admin. Code") Title 8.

17. Defendants violate the ADA, the State HRL, the N.Y. CRL and the City HRL (collectively, the "Human Rights Laws") directly and through the actions, of their agents and employees.

18. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

3

19. Defendants chose to ignore the explicit legal requirements that obligate them to make their place of public accommodation physically accessible and usable by persons with disabilities[1].

20. By ignoring their obligation to provide an accessible place of public accommodation, Defendants reveal their indifference to Plaintiff's (and other individuals with disabilities') right to equal access to Wok 88, a place of public accommodation.

21. Defendants, undoubtably aware that their decision to maintain architectural barriers in violation of the Human Rights Laws would be indiscernible to most persons, presumed that they would never have to make Wok 88 accessible and provide equal access to individuals with disabilities.

22. Plaintiff, however, acts to compel Defendants to comply with the Human Rights Laws.

23. Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses, to redress Defendants' unlawful disability discrimination against her in violation of the Human Rights Laws.

24. Plaintiff seeks to have Defendants make Wok 88 physically accessible to and usable by individuals with disabilities so that Plaintiff, and other persons with mobility disabilities, have the opportunity to fully and equally enjoy Wok 88's goods, services, facilities, privileges, advantages, and accommodations.

---

[1] As used in Plaintiff's Complaint the terms "accessible" and "readily accessible to and usable by" mean that the place of public accommodation complies with the design and construction standards referenced in Plaintiff's Complaint and can be approached, entered, and used by people having physical disabilities.  *See* 42 U.S.C. § 12183, 28 C.F.R. § 36.406, and N.Y.C. Admin. Code § 27-232; and § 28-1102.1.

**JURISDICTION AND VENUE**

25. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as Plaintiff's claims involve federal questions regarding the deprivation of Plaintiff's rights under the ADA.

26. This Court also has supplemental jurisdiction over Plaintiff's State HRL, N.Y. CRL, and City HRL claims pursuant to 28 U.S.C. § 1367(a).

27. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' discriminatory acts alleged herein occurred in this district and the place of public accommodation is located in this district.

**PARTIES**

***Plaintiff***

28. Plaintiff suffers from a physiological condition that inhibits her ability to walk and which restricts her body motion range and movement.

29. Plaintiff is therefore an individual with a disability under the Human Rights Laws.

30. Due to her impairment, Plaintiff uses a wheelchair for mobility.

31. Plaintiff resides, and at all times relevant to this action has resided, in the same neighborhood as Wok 88.

32. The distance from Plaintiff's residence to Wok 88 is approximately six blocks.

33. Plaintiff's residence is approximately 5 minutes wheelchair distance from Wok 88.

34. Plaintiff has food from Wok 88 delivered to her home.

35. Plaintiff enjoys the food from Wok 88.

36. In addition to eating food at home, Plaintiff enjoys dining out at restaurants in in her neighborhood.

37. Plaintiff wanted to dine at Wok 88 in February and April of 2023.

38. Plaintiff desired to dine at Wok 88 as she likes the food at Wok 88's and she enjoys dining out at restaurants.

39. Plaintiff desires to dine at Wok 88 when she is in the mood to dine out and have food at Wok 88, as opposed to being required to have Wok 88's food delivered to her home when she desires its food.

40. However, Defendants bar Plaintiff from dining at Wok 88 because it is not accessible to wheelchair users.

41. Defendants deter Plaintiff from visiting Wok 88 due to the architectural barriers they maintain at Wok 88; for example, the step at Wok 88's entrance which Plaintiff cannot traverse in her wheelchair.

42. Plaintiff either personally observed or has been made aware of, the architectural barriers at Wok 88 detailed in Paragraph 96 herein.

43. The architectural barriers detailed in Paragraph 96 herein exclude Plaintiff, based on disability, from the equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations that Defendants offer to the general public at Wok 88.

44. Plaintiff would visit Wok 88 but for the architectural barriers that deny her equal access to Wok 88 and the offerings therein.

45. Plaintiff continues to be deterred from visiting Wok 88 due to the architectural barriers to access extant at Wok 88.

***Defendants***

46.  1568-1572 Third Avenue LLC is a Domestic Limited Liability Company formed pursuant to the New York Limited Liability Company Law.

47. 1568-1572 Third Avenue LLC engages in business in New York.

48. As an entity formed pursuant to the New York Limited Liability Company Law, 1568-1572 Third Avenue LLC is not a governmental entity.

49. 1568-1572 Third Avenue LLC owns the building located at 1570 Third Avenue in New York County, New York ("1570 Third Avenue").

50. Wok 88 On Third, LLC is a Domestic Limited Liability Company formed pursuant to the New York Limited Liability Company Law.

51. As an entity formed pursuant to the New York Limited Liability Company Law, Wok 88 On Third, LLC is not a governmental entity.

52. Wok 88 On Third, LLC engages in business in New York.

53. Wok 88 On Third, LLC owns and operates, and at all relevant times has owned and operated Wok 88.

54. Wok 88 On Third, LLC leases the space in which Wok 88 is located directly from 1568-1572 Third Avenue LLC.

55. 1568-1572 Third Avenue LLC and Wok 88 On Third, LLC have a written agreement for the lease of the space in which Wok 88 is located.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

56. Wok 88 is operated by private entities as neither of the Defendants is a State or local government; a department, agency, special purpose district, or other

instrumentality of a State or local government; or a commuter authority. 42 U.S.C. §§ 12131(1) and 12181(6).

57. The operations of Wok 88 affect commerce. 28 C.F.R. § 36.104.

58. Wok 88, a restaurant located at 1570 Third Avenue, is a place of public accommodation pursuant to the Human Rights Laws. 42 U.S.C. § 12181 and 28 C.F.R. § 36.104; N.Y. Exec. Law § 292(9); and the N.Y.C. Admin. Code § 8-102.

59. Defendants own, lease, lease to, control or operate Wok 88 and the space in which Wok 88 is located.

60. "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the Human Rights Laws. *28 C.F.R. § 36.201(b); See also* 42 U.S.C. 12182(a); N.Y. Exec. Law §296(2)(a); N.Y.C. Admin. Code § 8-107(4)(a).

61.  1568-1572 Third Avenue LLC, as owner of the building located at 1570 Third Avenue in which Wok 88 is located, is an entity required to comply with the Human Rights Laws. *See Id.*

62. 1568-1572 Third Avenue LLC, [as] lessor of the space in which Wok 88 is located is an entity required to comply with the Human Rights Laws. *See Id.*

63. Wok 88 On Third, LLC as owner of Wok 88, is an entity required to comply with the Human Rights Laws. *See Id.*

64. Wok 88 On Third, LLC as operator of Wok 88, is an entity required to comply with the Human Rights Laws. *See Id.*

65. The 1570 Third Avenue building in which Wok 88 is sited is also a commercial facility subject to the ADA and the ADA Standards. See 42 U.S.C. § 12181(2).

66. N.Y.C. Admin. Code § 19-152 and § 7-210 impose a non-delegable duty on the owners of real property to repave, reconstruct, repair, and maintain the public sidewalk that abuts their real property.

67. As 1568-1572 Third Avenue LLC is required to maintain, repave, reconstruct, and repair the public sidewalk that abuts its property, it controls, manages, and operates the public sidewalk that adjoins 1570 Third Avenue.

68. 1568-1572 Third Avenue LLC therefore controls, manages, and operates the parts of the public sidewalk that constitute Wok 88's public entrance.

69. Numerous architectural barriers at Wok 88 prevent or restrict physical access to Plaintiff and other persons with disabilities.

70. The architectural barriers at Wok 88 include gateway barriers – such as a stepped entrance.

71. The gateway barriers at Wok 88 exclude Plaintiff and other persons with mobility disabilities from patronizing Wok 88, as they completely deny Plaintiff, and other persons that use wheelchairs, the opportunity to enter Wok 88.

**Alterations Performed to Wok 88**

72. Defendants renovated, remodeled, and reconstructed ("Modified") the space now occupied by Wok 88 after January 26, 1992, inclusive of construction work in the following years: 2005, 2012 and 2018.

9

73. Wok 88 was therefore renovated, remodeled, and reconstructed after January 26, 1992.

The work Defendants performed when they Modified Wok 88 included construction work to Wok 88's i) exterior, including the replacement and repair of the sidewalk at the exterior of Wok 88's entrance; ii) storefront; and iii) interior, including the demolition and construction of the flooring and plumbing systems.

74. The Modifications performed to Wok 88 after January 26, 1992 included changes to Wok 88's space that affected, or which could have affected, the usability of the space.

75. Based on the foregoing renovation, remodeling, and reconstruction work, Wok 88 is "altered" within the meaning of the ADA. See 28 C.F.R. 36.402(b)(1).

76. The renovated, remodeled, reconstructed spaces, areas, and elements of Wok 88, including its entrance, are "altered areas" within the meaning of the ADA. *See Id.*

77. The renovated, remodeled, reconstructed spaces, areas, and elements of 1570 Third Avenue related to Wok 88 constitute "altered areas" within the meaning of the ADA. *See Id.*

### Defendants' Failed to Follow the Accessibility Requirements Detailed in their Architectural Drawings

78. The buildout of, and subsequent renovations to, Wok 88's space were done pursuant to architectural drawings that detailed the work Defendants would perform to buildout and remodel Wok 88. See N.Y.C. Admin Code § 27-162 and § 28-104.7.1.

79. The architectural drawings utilized by Defendants to Modify Wok 88 specified the dimensions and placement of the architectural elements and fixtures at Wok 88. *See Id.*

80. The architectural drawings detailed the floor plan, layout, location of fixtures, flooring, entrances, demised spaces, and other architectural elements at Wok 88. *See Id.*

81. The architectural drawings also detailed the legal requirements that Defendants were obligated to comply with in the design and construction of Wok 88. *See Id.*

82. The legal requirements detailed in the architectural drawings included the design and construction standards that mandate the provision of physical access for persons with physical disabilities at Wok 88. *See Id.*

83. The design and construction standards referenced in Defendants' architectural drawings included:

    a.  the accessibility provisions of the 1968 New York City Building Code, N.Y.C. Admin. Code § 27-292.1 et seq. (the "1968 BC"), inclusive of ANSI A117.1-1986 as modified by 1968 BC Reference Standard RS 4-6 (the "1968 Ref Std"2, and together with the 1968 BC, the "1968 NYC Standards");

    b.  the accessibility provisions of the 2008 New York City Building Code, N.Y.C. Admin. Code § 28-1101 et seq. 3 and Appendix E (the "2008 BC"), inclusive of ICC A117.1-2003 (the "2008 Ref Std") and together with the 2008 BC, the "2008 NYC Standards");

    c.  the accessibility provisions of the 2014 New York City Building Code, N.Y.C. Admin. Code § 28-1101 et seq. and Appendix E (the "2014 BC"), inclusive of

---

[2]*See* N.Y.C. Admin Code §§ 27-292.2 and Reference Standard 4-6.
[3] As such provisions (N.Y.C. Admin. Code § 28-1101 and Appendix E) existed prior to December 31, 2014, the effective date of the 2014 BC.

and ICC A117.1-20094 (the "2014 Ref. Std., and together with the 2014 BC, the "2014 NYC Standards");

d.  the 1991 ADA Standards for Accessible Design codified in 28 CFR part 36 Appendix A5; (hereinafter referred to as the "1991 ADA Standards"); and

e.  the 2010 Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D, and 28 CFR part 36 Appendix A, subpart D (hereinafter referred to as the "2010 ADA Standards", and together with the 1991 ADA Standards, the "ADA Standards").

The 2014 NYC Standards, collectively with the 1968 NYC Standards and the 2008 NYC Standards, are referred to herein as the "NYC Standards". The ADA Standards together with the NYC Standards are collectively referred to herein as the "Accessibility Standards".

84. Defendants failed to comply with the Accessibility Standards when they renovated, remodeled and reconstructed Wok 88's space.

85. When Defendants Modified Wok 88's space and at all times thereafter that they performed design and construction work to its space, Defendants had knowledge of, and specific notice regarding their obligation to comply with the Accessibility Standards.

86. Defendants therefore knowingly failed to comply with the Accessibility Standards when they Modified Wok 88's premises and the parts of 1570 Third Avenue related to Wok 88's space.

87. Defendants also acted with deliberate indifference to the equal access rights of persons with disabilities due to their failure to comply with the Accessibility Standards.

--------

[4] *See* N.Y.C. Admin Code § 28-1101.2 and Appendix E, § § E101 and E112.
[5] Republished in 28 CFR part 36 Appendix D on Sept. 15, 2010. 28 C.F.R. § 36.104, 75 Fed. Reg. 56236, 56237 (September 15, 2010).

**Defendants Failed to Follow the Accessibility Requirements Detailed in their Lease.**

88. The lease agreement between the Defendants for Wok 88's premises provides that the space must comply with the Human Rights Laws.

89. The lease agreement between the Defendants for Wok 88's premises provides that the space must comply with the Accessibility Standards.

90. 1568-1572 Third Avenue LLC is aware of its obligation to provide an accessible place of public accommodation.

91. As 1568-1572 Third Avenue LLC is aware of its obligation to provide an accessible place of public accommodation, it knowingly and with deliberate indifference fails to comply with the Accessibility Standards.

92. Wok 88 On Third, LLC is aware of its obligation to provide an accessible place of public accommodation.

93. As Wok 88 On Third, LLC is aware of its obligation to provide an accessible place of public accommodation, it knowingly and with deliberate indifference fails to comply with the Accessibility Standards.

94. As a result of Defendants' failure to comply with the Accessibility Standards, the services, features, elements, and spaces of Wok 88 are not accessible to Plaintiff as required by the Human Rights Laws. *See* 42 U.S.C. § § 12182(a), § 12183(a), and § 12186(b); N.Y. Exec. Law § 296(2)(a); and N.Y.C. Admin. Code § 8-107(4).

95. Because Defendants fail to comply with the Accessibility Standards Plaintiff was, and remains, unable to enjoy safe and equal access to Wok 88 a place that is open and available to the public.

96. Architectural barriers which Plaintiff encountered and those that deter her from patronizing Wok 88 include, but are not limited to, the following:

I.  No accessible route from the public street and sidewalk to the Wok 88 entrance.
    *Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA Standards § 4.1.2(1); 2010 ADA Standards § 206.2.1; 1968 BC § 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II. No accessible public entrance to Wok 88.
    *Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA Standards § 4.1.3(8)(a)(i).*
    *Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA Standards § 206.4.1.*
    *Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
    *Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

III. No signage identifies an accessible entrance (to the extent Defendants claim they provide an accessible public entrance).
    *Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA Standards §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA Standards § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and 1110.*

IV. No directional signage at the inaccessible entrance that indicates the location of an accessible entrance (to the extent Defendants claim they provide an accessible entrance).
    *Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA Standards §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6.*
    *Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
    *Defendants fails to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; and 2014 BC §§ 1101.3.3; and 1110.2.*

V.  No level maneuvering clearances at the exterior side of the door to Wok 88's public entrance door due to a step.

14

*Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 ADA Standards § 4.13.6; 2010 ADA Standards § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref. Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

VI. A change in level at the public entrance door.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA Standards § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA Standards § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

VII. Insufficient clear space to accommodate wheelchair users between the two doors in a series at the public entrance vestibule.
*At two doors in a series (or a vestibule), Defendants fail to provide a level floor area that is 48 inches between the two doors plus the width of doors swinging into the space. See 1991 ADA Standards § 4.13.7; 2010 ADA Standards § 404.2.6; 1968 Ref Std § 4.13.7; 2008 Ref Std § 404.2.5; and 2014 Ref Std § 404.2.5.*

VIII. No accessible route connecting all the public accommodations within the site.
*Defendants fail to provide that there is one accessible route connecting all the public accommodations within the site. See 1991 ADA Standards §§ 4.3.2, 4.1.2(2), and 4.1.3(1); 2010 ADA Standards §§ 206.1 and 206.2; 1968 BC § 27-292.5, 1968 Ref Std § 4.3.2; 2008 BC § 1104; and 2014 BC § 1104.*

IX. No accessible route of at least 36 inches of minimum width to all dining areas and seating.
*Defendants fail to provide an accessible route of at least 36 inches of minimum width to all dining areas and seating. See 1991 ADA Standards §§ 5.3 and 4.32.2; 2010 ADA Standards §§ 403 and 902.2; 1968 BC § 27-292.5(c); 1968 Ref Std § 4.3.3; 2008 Ref Std § 403.5; and 2014 Ref Std § 403.5.*

X. No accessible seating at any of the dining areas.
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA Standards § 5.1; 2010 ADA Standards § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

XI. No accessible tables in the dining area. All tables have chairs, and/or a pedestal that obstruct knee and toe clearances required for a forward approach to the seating.

*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA Standards § 5.1; 2010 ADA Standards § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

*Defendants fail to provide (due to chairs, table pedestals and/or table legs a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA Standards § 4.32.2; 2010 ADA Standards § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014 Ref Std § 902.2.*

XII.   An accessible route is not provided between the dining room and the bathrooms.

*Defendants fail to provide an accessible route to each level required to be accessible. See 1991 ADA Standards §§ 4.3.2; 4.1.2(2) 4.1.3(1) and 4.3.3; 2010 ADA Standards §§ 206.1 and 206.2; 1968 BC § 27-292.5; 1968 Ref Std § 4.3.2 and 4.3.3; 2008 BC § 1104; and the 2014 BC § 1104.*

XIII.   No accessible toilet rooms.

*Defendants fail to provide accessible toilet facilities. See 1991 ADA Standards § 4.1.3(11); 2010 ADA Standards § 213.1; 1968 BC § 27-292.12; 2008 BC § 1109.2; and 2014 BC § 1109.2.*

XIV.   The doorways to the toilet room do not provide a clear opening width sufficient to accommodate wheelchair users.

*Defendants fail to provide a doorway with a clear opening of 32 inches minimum.  See 1991 ADA Standards § 4.13.5; 2010 ADA Standards § 404.2.3; 1968 Ref Std § 4.13.5; 2008 Ref. Std § 404.2.2; and 2014 Ref Std § 404.2.2.*

XV.   Doors at the toilet rooms have hardware that requires twisting of the wrist and are not usable by persons with disabilities.

*Defendants fail to provide handles, pulls, latches, locks, and other operable parts that are operable with one hand and do not require tight grasping, pinching, or twisting of the wrist. See 1991 ADA Standards § 4.13.9; 2010 ADA Standards § 404.2.7; 1968 Ref Std § 4.13.9; 2008 Ref Std § 404.2.6; and 2014 Ref Std § 404.2.6.*

XVI.   Insufficient clear space at toilet rooms to accommodate wheelchair users.

*Defendants fail to provide an accessible toilet room that allows a 180-degree turn.  See 1991 ADA Standards §§ 4.22.3; and 4.2.3; 2010 ADA Standards §§ 603.2.1 and 304.3; 1968 Ref Std § 4.17.3; 2008 Ref Std § 604.8.2 and 2014 Ref Std § 604.9.2.*

XVII.  No accessible water closet.

16

*Defendants fail to provide at least one accessible water closet within accessible toilet and bathing facilities. See 1991 ADA Standards § 4.23.4; 2010 ADA Standards § 213.3.2;1968 BC § 27-292.10(b); 2008 BC § 1109.2; and 2014 BC § 1109.2.*

XVIII. Water closets in the toilet rooms without the minimum required clearances due to the room size.

*Defendants fail to provide a clearance around the accessible water closet that is 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall. See 1991 ADA Standards § 4.17.3; 2010 ADA Standards § 604.3.1; 1968 Ref Std § 4.17.3; 2008 Ref Std §§ 604.3.1 and 604.3.2; and 2014 Ref Std §§ 604.3.1 and 604.3.2.*

XIX. No compliant grab bars at the water closet in the toilet rooms.

*Defendants fail to provide an accessible water closet with a side wall grab bar that is 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall. See 1991 ADA Standards § 4.16.4; 2010 ADA Standards § 604.5.1; 1968 Ref Std § 4.16.4; 2008 Ref Std § 604.5.1; and 2014 Ref Std § 604.5.1.*
*Defendants fail to provide an accessible water closet with a vertical side wall grab bar. See 2008 Ref Std § 604.5.1; and 2014 Ref Std § 604.5.1.*
*Defendants fail to provide an accessible water closet with a rear wall grab bar that is 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side. See 1991 ADA Standards § 4.16.4; 2010 ADA Standards § 604.5.2; 1968 Ref Std § 4.16.4; 2008 Ref Std § 604.5.2; and 2014 Ref Std § 604.5.2.*

XX. No accessible lavatories in the toilet rooms.

*Defendants fail to provide at least one accessible lavatory within accessible toilet and bathing facilities. See 1991 ADA Standards § 4.23.6; 2010 ADA Standards § 213.3.4; 1968 BC § 27-292.12; 2008 BC § 1109.2; and 2014 BC § 1109.2.*

XXI. Exposed hot water pipes and drain pipes at the lavatory in the toilet rooms.

*Defendants fail to provide accessible lavatories and/or sinks with water supply and drain pipes that are insulated or otherwise configured to protect against contact. See 1991 ADA Standards §§ 4.19.4 and 4.24.6; 2010 ADA Standards § 606.5; 1968 Ref Std § 4.19.4; 2008 Ref Std § 606.6; and 2014 Ref Std § 606.6.*

XXII. Paper towel dispensers in the toilet rooms outside an accessible reach range.

*Defendants fail to provide operable parts within an accessible reach range. See 1991 ADA Standards § 4.2.6; 2010 ADA Standards § 308.3.1, 1968 Ref Std § 4.2.6; 2008 Ref Std § 308.3.1; and 2014 Ref Std § 308.3.1.*

XXIII. Soap dispensers in the toilet rooms outside an accessible reach range.
*Defendants fail to provide operable parts within an accessible reach range. See 1991 ADA Standards § 4.2.6; 2010 ADA Standards § 308.3.1, 1968 Ref Std § 4.2.6; 2008 Ref Std § 308.3.1; and 2014 Ref Std § 308.3.1.*

XXIV. No maneuvering clearances on either side of the toilet room doors.
*At interior doors, Defendants fail to provide level maneuvering clearances on both sides of the door1991 ADA Standards § 4.13.6; 2010 ADA Standards § 404.2.4;1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

XXV.  The doorway at the toilet rooms lacks level maneuvering clearances at the pull side of the doorway due to the size of the hallway.
*Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 ADA Standards § 4.13.6; 2010 ADA Standards § 404.2.4;1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

XXVI. The doorway at the toilet rooms lacks level maneuvering clearances at the pull side of the doorway due to the size of the toilet rooms.
*Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 ADA Standards § 4.13.6; 2010 ADA Standards § 404.2.4;1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

XXVII.    No accessible exit, as the entrance doors are also exits and not accessible as described above.
*Defendants fail to provide accessible means of egress in the number required by the code. See 2014 BC § 1007.1; 2008 BC § 1007.1 and 1968 BC § 27-292.1.  See also 2010 ADA Standards § 207.1; and 1991 ADA Standards § 4.1.3(9).*

97. A full inspection of Wok 88 will reveal the existence of other barriers to access.

98. To properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of Wok 88 so that she may

catalogue other architectural barriers and have Defendants remediate Wok 88 so that it is accessible to her.

99. Plaintiff therefore gives notice that, to the extent not contained in this Complaint, she intends to amend her Complaint to include any violations of the Accessibility Standards or Human Rights Laws discovered during an inspection of Wok 88.

100. Defendants deny Plaintiff the opportunity to participate in or benefit from their services and accommodations because of disability.

101. Defendants provide Plaintiff and similarly situated disabled persons with lesser opportunity to enjoy the facilities, goods, services, offerings, and accommodations of Wok 88, than the opportunity Defendants provide to non-mobility impaired customers.

102. Defendants provide non-mobility impaired persons with the physical access Defendants are legally obligated to provide under the N.Y.C. Admin. Code and the N.Y. Executive Law.

103. In stark contrast, Defendants fail to provide Plaintiff and other mobility impaired persons with the physical access Defendants are legally obligated to provide under the N.Y.C. Admin. Code and the N.Y. Executive Law.

104. Defendants' discriminatory policy is clear: Inclusion for non-mobility impaired persons; Exclusion for mobility-impaired persons.

105. Defendants discriminate against Plaintiff, as based on disability, they treat her, and other individuals with mobility disabilities, worse than non-mobility impaired persons.

106.    Defendants continue to discriminate against Plaintiff and other mobility impaired customers by limiting and reducing the options available to disabled patrons as compared to the options available to nondisabled customers.

107.    Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures comply with the Human Rights Laws.

108.    Defendants have not provided accommodations or modifications so that Plaintiff and other persons with disabilities can have equal opportunity with respect to Wok 88.

109.    Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the Human Rights Laws. This threat is particularly evidenced by the existence of barriers to access at Wok 88 that deter and deny Plaintiff access based on disability.

110.    While Plaintiff desires to visit Wok 88 she is frustrated because Defendants deny her the opportunity to do so based on disability due to the architectural barriers at Wok 88.

111.    Plaintiff continues to be deterred from visiting Wok 88 due to the barriers to access Defendants maintain at Wok 88's premises.

112.    Although Plaintiff desires and intends to visit Wok 88 she need not engage in a futile exercise – attempting to enter Wok 88 although the architectural barriers at the premises deny her entry and equal access to the offerings therein based on disability.

113.    Plaintiff desires that Defendants remove the architectural barriers at Wok 88 so she can have equal access to it and avail herself of the offerings therein.

## ALLEGATIONS RELATED TO TESTER STATUS

114.     In addition to desiring equal access to Wok 88 for herself, Plaintiff is also acts as an independent advocate for the rights of similarly situated persons with disabilities.

115.     Plaintiff desires that other similarly situated persons do not have their rights to equal access to Defendants' place of public accommodation, Wok 88, and the 1570 Third Avenue commercial facility, violated by Defendants.

116.     So that other individuals with disabilities that require wheelchairs benefit from her advocacy, Plaintiff is a "tester" for the purpose of protecting and enforcing, the equal access rights of similarly situated persons with disabilities at places of public accommodation and commercial facilities.

117.     As a tester Plaintiff acts to determine and ensure that places of public accommodation and commercial facilities are compliant with the ADA and the ADA Standards.

118.     Plaintiff therefore monitors places of public accommodation and commercial facilities to determine that they comply with the ADA and the ADA Standards.

119.     Plaintiff will monitor Wok 88 and the 1570 Third Avenue commercial facility to determine and ensure that it complies with the ADA and the ADA Standards.

120.     Should Wok 88 cease operating at the 1570 Third Avenue commercial facility Plaintiff will continue to monitor the space it occupied to determine and ensure that prior to the space reopening as a place of public accommodation, it complies with the ADA and the ADA Standards.

121.    As a tester, Plaintiff is additionally motivated to return to Wok 88 and the 1570 Third Avenue commercial facility within which it is located.

122.    In addition to her desire to return to Wok 88 and the 1570 Third Avenue commercial facility for herself, Plaintiff intends to return to Wok 88 and the 1570 Third Avenue commercial facility within which it is located to monitor Defendants' compliance with their obligations under the ADA and the ADA Standards as a means of enforcing her and other similarly situated persons right to equal access.

## FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)

123.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

124.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. 42 U.S.C. § 12102; 28 C.F.R. § 36.105(a) and (b).

125.    As a direct and proximate result of Plaintiff's disability, Plaintiff requires a wheelchair for mobility and has restricted use of her arms and hands.

126.    "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the ADA. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(b).

127.    The ADA imposes joint and several liability on each of the owner of a building in which a place of public accommodation is located, the lessor of space in a building to a place of public accommodation, the lessee of space in a building for a place

22

of public accommodation, and the owner or operator of the place of public accommodation. *See* 28 C.F.R. § 36.201(b).

128.    Therefore, pursuant to the ADA, each of the building owner, lessor, lessee, owner, and operator of Wok 88, a place of public accommodation is liable to Plaintiff. *See Id.*

129.    None of the Defendants can avoid liability under the ADA by transferring their obligations to comply with the ADA to another entity. 28 C.F.R. 36.201(b).

130.    Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to access Wok 88 on the basis of disability.

131.    Defendants' policies and practices continue to subject Plaintiff to disparate treatment and disparate impact.

132.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are neither desired nor welcome as patrons of Wok 88.

133.    Defendants performed design and construction work to build out Wok 88 but failed to perform the work so that their place of public accommodation, Wok 88, complies with the 1991 ADA Standards or the 2010 ADA Standards.

134.    Because Wok 88 does not comply with the ADA Standards it is not readily accessible to and usable by Plaintiff due to her mobility disability. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

135.    Defendants discriminate against Plaintiff in violation of the ADA as they built a place of public accommodation that is not accessible to Plaintiff based on disability. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

136.    Defendants fail to provide an integrated and equal setting for the disabled at the Wok 88 premises in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

137.    In violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2), Defendants failed to make Wok 88 compliant with the ADA Standards to the maximum extent feasible when they performed work that constituted alterations to Wok 88's space.

138.    Defendants failed to provide "readily accessible and usable" paths of travel to the altered primary function areas of Wok 88 in violation of 28 C.F.R. § 36.403.

139.    Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access at Wok 88 in violation of 28 C.F.R. § 36.304.

140.    It has been and remains readily achievable for Defendants to make Wok 88 accessible by complying with the ADA Standards.

141.    By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of 42 U.S.C. § 12182(a), § 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

142.    In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal to the extent Defendants allege that the removal of any of the barriers to access was, and remains, not readily achievable. 28 C.F.R. § 36.305.

143.    Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 et. seq., and 28 C.F.R § 36.101 et. seq.

144.    Defendants continue to discriminate against Plaintiff in violation of the
ADA by maintaining a place of public accommodation, Wok 88,  that is not compliant
with the ADA Standards, and therefore not accessible.

### SECOND CAUSE OF ACTION
### (Violations of The New York State Human Rights Law)

145.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in
this Complaint.

146.    Plaintiff suffers from medical conditions that separately and together
prevent the exercise of normal bodily functions in Plaintiff; in particular, the life
activities of both walking and body motion range.

147.    As a result of her impaired bodily functions, Plaintiff suffers from a
disability within the meaning of the N.Y. Exec. Law § 292(21).

148.    The State HRL guarantees the right of all individuals to equal opportunity
with respect to places of public accommodations, regardless of disability. N.Y. Exec.
Law §§ 290 and 291.

**Section § 296(2) Violations: Denial of Equality of Opportunity.**

149.    To protect the guaranteed right of persons with disabilities to equal access,
the State HRL provides that it is an unlawful discriminatory practice for owners, lessees,
and operators of places of public accommodation "directly or indirectly to refuse,
withhold from or deny any of the accommodations, advantages, facilities or privileges" of
their place of public accommodation to a person because of disability. N.Y. Exec. Law §
296(2)(a).

150.    Defendants engage in an unlawful discriminatory practice in violation of the State HRL as they directly or indirectly deny Plaintiff "equal opportunity" (i.e., equal access) to enjoy the offerings of their place of public accommodation. N.Y. Exec. Law 296(2)(a).

151.    Defendants engage in an unlawful discriminatory practice prohibited by the State HRL as they created and maintain a place of public accommodation, Wok 88, that is not accessible to Plaintiff due to disability. N.Y. Exec. Law § 296(2)(a).

152.    Defendants continue to discriminate against Plaintiff in violation of the State HRL by maintaining and/or creating an inaccessible place of public accommodation. N.Y. Exec. Law § 296(2).

153.    Defendants have subjected Plaintiff to disparate treatment by denying Plaintiff equal access to Wok 88, their place of public accommodation, because Plaintiff is disabled.

154.    Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff equal access to Wok 88 because Plaintiff is disabled.

### Section § 296(2)(c) Violations: Failure to Make Readily Achievable Accommodations and Modifications.

155.    Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access at Wok 88 in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(iii).

156.    It remains readily achievable for Defendants to remove the barriers to access at Wok 88.

157.     Defendants cannot demonstrate that the removal of the barriers to access at Wok 88 is not readily achievable. N.Y. Exec. Law § 296(2)(c)(iii) and (v).

158.     Alternatively, should Defendants demonstrate that it is not readily achievable the remove any barriers to access at Wok 88, Defendants discriminate in violation of the State HRL as they fail to provide Plaintiff and other persons with disabilities, equal opportunity to enjoy the privileges, advantages, and accommodations they offer at Wok 88 through alternative methods. N.Y. Exec. Law § 296(2)(c)(v).

159.     It would be readily achievable to make Wok 88 accessible through alternative methods.

160.     Defendants have failed to make reasonable modifications to their policies, practices, and procedures necessary to provide Plaintiff with access to Wok 88, and the privileges, advantages, or accommodations they offer therein in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(i).

161.     Defendants cannot demonstrate that modifying their policies, practices and procedures would fundamentally alter the nature of Wok 88 or the privileges, advantages, or accommodations they offer.

162.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(v).

163.     It is and would have been readily achievable for Defendants to make Wok 88 accessible to persons with disabilities.

164.     It does not and would not have imposed an undue hardship or undue burden on Defendants to have made Wok 88 accessible for persons with disabilities.

**Section 296(6) Violations: Aid and Abet Discrimination.**

165.    Under the State HRL it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so". N.Y. Exec. Law § 296(6).

166.    Each of the Defendants have aided, abetted, incited, compelled, or coerced others to engage in unlawful discriminatory practices.

**Section 300: The State HRL's Liberal Construction Requirement.**

167.    In 2019, the New York State legislature amended the Executive Law to provide increased protections for classes protected by the State HRL. N.Y. Exec. Law § 300, as amended by Chapter 160 of the Laws of 2019, § 6.

168.    The 2019 amendment added language at the start of the State HRL's Construction section (N.Y. Exec. Law § 300) to explain that the law must be:

169.    construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed. *Id.*

170.    With the 2019 amendment, the State HRL is no longer coextensive with federal anti-discrimination law.

171.    Defendants' conduct is therefore subject to a significantly stricter standard under the State HRL than under Federal anti-discrimination laws, including the ADA.

172.    The State HRL's stricter standards include those situations where the ADA has provisions that are comparably worded to the State HRL's provisions. *Id.*

28

173.    Defendants must therefore provide an accessible place of public accommodation in instances where the ADA does not require Defendants to provide accessibility.

174.    As a direct and proximate result of Defendants' unlawful discrimination in violation of State HRL, Plaintiff has suffered, and continues to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety.

175.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (Violations of the New York City Human Rights Law)

176.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

177.    Plaintiff suffers from medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range.

178.    Due to her impaired bodily functions, Plaintiff has a disability within the meaning of the City HRL. N.Y.C. Admin. Code § 8-102.

### Section 8-107(4)(a)(1)(a) Violations: Denial of Equal Opportunity.

179.    The City HRL guarantees the right of all individuals, regardless of disability, to equal opportunity (i.e., equal access) to places of public accommodations.

180.    "Equal access, in the words of the City HRL, is the opportunity to have "full and equal enjoyment, on equal terms and conditions" to the accommodations,

29

advantages, services, facilities, and privileges of a place of public accommodation.

N.Y.C. Admin. Code § 8-107(4).

181.    Defendants engage in an unlawful discriminatory practice prohibited by the City HRL as they as they created and maintain a place of public accommodation, Wok 88, which is not accessible to Plaintiff due to disability. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

182.    Defendants are also liable for the conduct of their employees and agents which resulted in the creation and maintenance of a place of public accommodation which is not accessible. N.Y.C. Admin. Code § 8-107(13).

183.    Because Defendants created and maintain a place of public accommodation that is not accessible to Plaintiff due to disability, Defendants directly and indirectly "refuse, withhold from, or deny" Plaintiff equal opportunity to enjoy the "accommodations, advantages, services, facilities or privileges" of  Wok 88 due to her disability.

184.    Defendants' policies and procedures inclusive of their policies of refusing to expend funds to design, create and maintain an accessible place of public accommodation is a discriminatory practice in violation of City HRL. N.Y.C. Admin. Code § 8-107 (4).

185.    Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to Wok 88 constitutes disability discrimination in a violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a); *See also* N.Y.C. Admin. Code § 19-152 and § 7-210.

186.    Defendants' failure to provide an accessible place of public accommodation and consequent denial of equal opportunity to Plaintiff constitutes an ongoing continuous pattern and practice of disability discrimination. in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

187.    Defendants discriminate against Plaintiff as they subject her to disparate impact in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4).

188.    Defendants subject Plaintiff to disparate impact as they directly and indirectly deny Plaintiff equal opportunity to enjoy the accommodations, advantages, facilities, and privileges of Wok 88 because of her disability.

189.    Defendants' policies or practices, "whether neutral on their face and [or] neutral in intent"6 result in a disparate impact to the detriment of the individuals with mobility disabilities, the protected class of which Plaintiff is a member. *See* N.Y.C Admin. Code § 8-107(17).

190.    Defendants' failure to comply with the NYC Building Code as well as their failure to expend monies to upgrade and alter Wok 88 to remove obsolete features such as stepped entrances, are policies and practices that have a significantly adverse and disproportionate impact on persons with mobility disabilities, including Plaintiff.

191.    Because the result of Defendants' policies and practices is a place of public accommodation that is not accessible to people with mobility disabilities, Plaintiff has demonstrated that Defendants' policy or practice has a disproportionately negative impact on the disabled including Plaintiff.

------

[66] *Levin v Yeshiva Univ.*, 96 NY2d 484, 489(2001).

**Section 8-107(15) Violations: Failure to Provide Reasonable Accommodations.**

192.    Defendants also discriminate against Plaintiff in violation of the City HRL as they have not made reasonable accommodations for the needs of persons with disabilities. N.Y.C. Admin. Code § 8-107(15)(a).

193.    Defendants' failure to make reasonable accommodations include their failure to remove the architectural barriers to access detailed in Paragraph 96 herein so that individuals with disabilities, including Plaintiff, have equal opportunity to enjoy what Defendants offer at Wok 88. *See Id.*

194.    Defendants have known, or should have known, that members of the public, which includes current and prospective patrons such as Plaintiff, have mobility disabilities.

195.    Defendants have known, or should have known, reasonable accommodations (including by failing to remove the architectural barriers to access detailed in Paragraph 96 herein) are required so that persons with mobility disabilities can have the equal opportunity to enjoy what Defendants offer at Wok 88.

196.    It would not cause undue hardship in the conduct of the Defendants' business to remove the architectural barriers to access detailed in Paragraph 96 herein as a reasonable accommodation for persons with disabilities.

197.    Defendant cannot demonstrate that it would cause undue hardship to the conduct of their respective businesses to remove the architectural barriers to access detailed in Paragraph 96 herein as a reasonable accommodation for persons with disabilities.

198.     Defendants' failure to provide reasonable accommodations for persons with disability, inclusive of Defendants' failure to remove the barriers to access identified in Paragraph 96 herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

199.     Section 8-130: The City HRL's Construction and Maximally Protective Role.

200.     To further the City HRL's "uniquely broad remedial purposes" (Local Law No. 85 (2005) of City of New York § 7) and to ensure that it the law is "maximally protective of civil rights in all circumstances" (Local Law No. 35 (2016) of City of New York § 1), the New York City Council amended the City HRL's Construction provision, N.Y.C. Admin. Code § 8-130, in 2005 and 2016. Local Law 85 (2005), and Local Law 35 (2016).

201.     The 2005 and 2016 amendments confirm that the City HRL is not coextensive with federal or state civil rights laws "regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably worded to provisions of this title, [the City HRL,] have been so construed". N.Y.C. Admin. Code § 8-130(a), as amended by Local Law 85§ 7 and Local Law 35 § 2.

202.     The 2005 and 2016 amendments instead provide that the City HRL's protections are cumulative to the protections provided by federal or state civil rights laws, as the City HRL must "be interpreted liberally and independently of similar federal and state provisions" to accomplish the City HRL's uniquely broad and remedial purposes "as one of the most expansive and comprehensive human rights laws in the nation". Rep of

33

Governmental Affairs Div, Comm on Civ Rights at 6 and 8, March 8, 2016, Local Law

Bill Jacket, Local Law No. 35 (2016) of City of NY (Adding to Local Law 85 § 1's

already explicit language which provided that the obligations imposed on entities subject

to the City HRL by "similarly worded provisions of federal and state civil rights laws

[are] as a floor below which the City's Human Rights law cannot fall.").

203.    The 2016 Amendments to the City Human Rights Law additionally direct

that "[e]xceptions to and exemptions from the provisions of this title [(the City HRL)]

shall be construed narrowly in order to maximize deterrence of discriminatory conduct".

N.Y.C. Admin. Code § 8-130(b), as amended by Local Law 35 (2016) § 2.

204.    Due to the above-referenced amendments, the New York City Human

Rights Law provides significantly greater protections to its protected classes "in all

circumstances" than what the ADA and State HRL provide to persons in the same

protected classes.

205.    Defendants' conduct is therefore subject to a markedly stricter standard

under the City HRL than under Federal and state anti-discrimination law.

206.    Defendants' liability under the City HRL for their conduct alleged herein

must be determined separately and independently from their liability under the ADA or

State HRL, to the extent that Defendants escape liability under the ADA or State HRL.

N.Y.C. Admin. Code § 8-130, as amended by Local Law 85 and Local Law 35.

207.    Conversely to the extent that Defendants' conduct alleged herein violates

the ADA or State HRL, Defendants automatically violate the City HRL.

208.    Therefore, Defendants' violations of the ADA, the ADA Standards, and

the State HRL alleged herein constitute discrimination under the City HRL.

34

209.    Defendants continue to discriminate based on disability in violation of the City HRL (N.Y.C. Admin. Code § 8-107(4)) due to their ongoing violations of the ADA, the ADA Standards, and the State HRL alleged herein.

210.    The City HRL's stricter standards also apply in situations where the ADA and the State HRL have provisions that are comparably worded to the City HRL's provisions. N.Y.C. Admin. Code § 8-130.

211.    Defendants must therefore provide an accessible place of public accommodation, regardless of their obligation to provide accessibility under similarly worded provisions of the ADA or the State HRL.

**Section 8-107(6) Violations: Aid and Abet Discrimination.**

212.    In violation of the City HRL, Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability. N.Y.C. Admin. Code § 8-107(6).

213.    Each of the Defendants have aided and abetted others in committing disability discrimination.

214.    Defendants' conduct constitutes an ongoing and continuous violation of the City HRL.

215.    Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.

216.    In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' place of public accommodation.

217.    As a direct and proximate result of Defendants' unlawful discrimination in violation of the City HRL, Plaintiff has suffered, and continues to suffer emotional distress, including humiliation, stress, and embarrassment.

218.    Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the City HRL.

219.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

220.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to City HRL N.Y.C. Admin. Code § 8-502.

221.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by diverting monies Defendants should have expended to provide an accessible space to themselves.

222.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.

223.     The amounts Defendants diverted to themselves, and the unlawful revenues they gained, plus interest must be disgorged.

224.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violations of the New York State Civil Rights Law)

225.     Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

226.     Defendants continue to discriminate against Plaintiff in violation of the State HRL. N.Y. Exec. Law § 290 et seq.

227.     Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by N.Y. CRL §§ 40-c and 40-d for each and every violation.

228.     Notice of this action has been served upon the Attorney General as required by N.Y. CRL § 40-d.

## INJUNCTIVE RELIEF

229.     Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief Ordering Defendants to alter and modify their place of public accommodation to comply with the Accessibility Standards and the Human Rights Laws, is necessary.

230.     Injunctive relief is necessary to make Defendants' place of public accommodation readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

231.    Injunctive relief is also necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, State HRL, and the City HRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the State HRL, and the City HRL, and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering Defendants to close Wok 88 at 1570 Third Avenue to the public until Defendants remove all violations of the ADA, the Accessibility Standards, the State HRL and the City HRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendants' violations of the State HRL and the City HRL;

E.  Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the City HRL;

F.   Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to N.Y. CRL §§ 40-c and 40-d;

G.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA, the State HRL, and City HRL; and

H.   For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: April 20, 2023
New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:/s_____
Adam S. Hanski
Attorneys for Plaintiff
40 Worth Street, Suite 602
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email:ash@parkerhanski.com